UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TONY SMITH,

                Plaintiff,

v.

A. CALDERWOOD, *et al.*,

                Defendants.

Case No. 2:14-cv-00109-MMD-CWH

ORDER

This action is a *pro se* civil rights complaint filed by an inmate. Plaintiff has submitted a complaint and seeks leave to proceed *in forma pauperis*. (Dkt. no. 1.) This matter has not been properly commenced because plaintiff submitted incomplete financial paperwork. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, plaintiff must attach both an inmate account statement for the past six (6) months and a properly executed financial certificate to an application to proceed in forma pauperis on the form approved by this Court. Although plaintiff has filed some financial documents, he has failed to submit an actual application to proceed *in forma pauperis* on the application form required by this Court. It does not appear from the papers presented that a dismissal without prejudice would result in a promptly-filed new complaint being untimely. In this regard, plaintiff at all times remains responsible for calculating the

running of the limitations period as applied to this matter and properly commencing a timely-filed civil rights action.[1]

It therefore is ordered that the application to proceed in forma pauperis (dkt. no. 1) is denied and that this action is dismissed without prejudice to the filing of a new complaint in a new action with a properly completed pauper application with all new and complete financial attachments in compliance with 28 U.S.C. § 1915(a).

It is further ordered that all pending motions are denied.

It is further ordered that the Clerk of the Court shall send plaintiff two (2) copies of an in forma pauperis application form for a prisoner, one (1) copy of the instructions for same, two (2) copies of a blank 42 U.S.C. § 1983 prisoner civil rights form, and one (1) copy of instructions for the same. The Clerk shall also send plaintiff a copy of the complaint and all documents submitted in this action, at dkt. no. 1.

It is further ordered that plaintiff may file a new complaint and in forma pauperis application in a new action, but may not file further documents in this action.

It is further ordered that the Clerk of the Court shall enter judgment accordingly.

It is further ordered that this Court certifies that any in forma pauperis appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 21st day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Section 1983 does not contain a specific statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). The Supreme Court has determined the appropriate statute of limitations for all § 1983 claims, regardless of the facts or legal theory of the particular case, is the forum state's statute of limitations for personal injury actions. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.) (per curiam), *cert. denied*, 493 U.S. 860 (1989). The statute of limitations in Nevada for personal injuries is two years. *See* Nev. Rev. Stat. § 11.190(4)(e).